# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| ISHMAEL PETTY, | PETITIONER |
| V. | NO. 1:98CR18-WAP |
| UNITED STATES OF AMERICA, | RESPONDENT |

## ORDER

Presently before the court is Ishmael Petty's, a federal inmate, motion for adjustment of restitution order. The Government has responded and this matter is now ripe for resolution.

The record reflects that Petitioner robbed a local bank using a firearm and absconded with over $200,000. Petitioner pled guilty to, *inter alia*, bank robbery on May 27, 1998. The court sentenced Petitioner to 35 years imprisonment on August 13, 1998, and ordered him to pay full restitution. During his incarceration, Petitioner killed his cell mate. In 2002, he plead guilty to murder and has been sentenced to life imprisonment. Through his public defender, Petitioner asks for modification of the restitution order. In support, Petitioner asks the order be modified to reflect that "payment is not due until his release from federal prison."

Modification of a restitution order is governed by 18 U.S.C. 3664(k) which provides in pertinent part that upon the receipt of a material change in economic circumstances, "the court may, on its own motion, or the motion of any party . . . adjust the payment schedule." By its plain and unambiguous language the statue requires a "material change in the defendant's economic circumstances." *Id.* Petitioner argues that since he is now incarcerated for life that the payment "in full immediately" language in the restitution order creates an undue hardship. Specifically, based on a Federal Bureau of Prison ("BOP") regulation, Petitioner is forced to pay a minimum of $25 per quarter but has no source of income. Further, the minimum payment may impede his ability to purchase commissary items. Petitioner cites no other changes in circumstances in support of his motion.

The court finds that these facts do not weigh in favor of disturbing the restitution order. By implication, Petitioner is seemingly seeking to benefit from heinous crime he committed while incarcerated. Given the severity of Petitioner's crimes and that all of his basic needs are provided for courtesy of the BOP, the curtailment of commissary purchases is hardly sympathetic. *Cf. U.S. v. Bowles*, 2003 WL 21396691 at *2 (S.D. N.Y. June 16, 2003) (suspension of restitution payments was warranted where defendant's physical aliments fundamentally impacted his economic circumstances). Finally, an order changing the restitution as requested would effectively relieve Petitioner of the obligation of ever paying restitution since he is now serving a life sentence. Therefore, Petitioner's motion for adjustment of restitution (docket entry 40) is DENIED.

THIS the 19th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE